IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO. 4:07cr246(15) |
| | § | |
| LEROY TURNER, JR. | § | |

**REPORT AND RECOMMENDATIONS REGARDING**
**DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA**

This matter having been referred by the Honorable Marcia Crone, on October 22, 2008, the Court held a hearing on the Defendant's Motion to Withdraw Guilty Plea (Dkt. 515). In his motion, Defendant seeks to withdraw his plea of guilty, which was unconditionally accepted by the District Judge on August 28, 2008 (*see* Dkt. 428), more than a month before Defendant filed the underlying motion.

To determine whether a defendant may withdraw a plea of guilty prior to sentencing, this Court must look at the following factors: (1) whether the defendant has asserted his innocence; (2) whether the government would suffer prejudice if the withdrawal motion were granted; (3) whether the defendant has delayed in filing his withdrawal motion; (4) whether the withdrawal would substantially inconvenience the court; (5) whether close assistance of counsel was available; (6) whether the original plea was knowing and voluntary; and (7) whether the withdrawal would waste judicial resources. *U.S. v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984).

After hearing the evidence presented and the arguments of counsel and reviewing the record before it, the Court finds that the *Carr* factors do not weigh in Defendant's favor.

1

First and foremost, Defendant has not made an assertion of innocence as to the underlying facts to which he pled. Rather, he argues that he is "legally innocent" of the charges against him. Defendant has argued that he did not understand the law as it related to the facts, none of which Defendant disputed at the plea withdrawal hearing. When Defendant gave his plea of guilty before this Court, he stated under oath that he understood the elements of the claims against him and that his plea was guilty. And, having heard the testimony and proffer from the Government, the Court is not convinced that his arguments regarding his legal understanding of the elements of the claims against him satisfies the assertion of innocence prong of *Carr*.

Additionally, Defendant has delayed in seeking to withdraw his plea. In fact, after the Court set an earlier-filed motion to withdraw guilty plea for hearing, Defendant stated in open Court that he no longer wished to withdraw his guilty plea. Thereafter and in light of Defendant's statement, sentencing in this matter was scheduled. Then, more than a month after his statement to this Court that he wished to maintain his plea of guilty despite a previously-filed motion to withdraw it, Defendant obtained new counsel and filed yet another motion to withdraw the plea. In this regard, the Court finds that the government would suffer prejudice if this motion to withdraw were granted. A withdrawal at this point would also inconvenience the Court and cause a waste of judicial resources. As noted, sentencing has been set and the District Court has already been required to prepare for and postpone that hearing in light of the underlying motion.

Moreover, the Court finds that Defendant's plea was knowingly and voluntarily made. This Court warned Defendant of the consequences of his guilty plea at the plea hearing. Turner is a

college graduate and capable of understanding the proceedings against him. He was advised at his plea colloquy as to the effect of his plea and given a written explanation of his rights to consent to plea which he signed under the penalty of perjury. Indeed, the transcript indicates that Defendant stated at the hearing that he read and understood the plea agreement and was voluntarily entering into it.

Further, based on the evidence presented by Defendant at the hearing, including the testimony of Defendant and Defendant's girlfriend, close and effective assistance of counsel was provided to Defendant. The evidence indicates numerous conversations between Defendant and his former counsel regarding his case prior to his plea. Defendant also testified about meetings he had with the Government's agent and attorney during which he admitted to the conduct with which he was charged and ultimately pled guilty.

Because none of the *Carr* factors weigh in his favor, Defendant should not be permitted to withdraw his plea of guilty in this case. His motion to withdraw should be denied.

## RECOMMENDATION

The Court recommends that the District Court **DENY** Defendant's Motion to Withdraw Guilty Plea (Dkt. 515).

Within ten (10) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(c).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the

district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 22nd day of October, 2008.**

                                        DON D. BUSH
                                      UNITED STATES MAGISTRATE JUDGE